UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL NATHAN S. CERESIA
MARTIN,

    Plaintiff,

v.

STATE OF MICHIGAN, *et al.*,

    Defendants.
_____/

Case No. 18-10747

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

## <u>OPINION AND ORDER:<br>(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND<br>(2) SUMMARILY DISMISSING PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)</u>

Now before the Court is Plaintiff Daniel Nathan S. Ceresia Martin's Application to Proceed in District Court without Prepaying Fees or Costs. For the reasons below, the Court will grant Plaintiff's Application to Proceed without Prepaying Fees or Costs, but will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief may be granted.

Plaintiff, who proceeds in this matter *pro se*, filed the Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2), along with the Complaint in this matter (ECF No. 1, Compl.), on March 6, 2018. A court may allow commencement of a civil action without the prepayment of fees or costs if the

applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In this case, Plaintiff has supplied an affidavit regarding his financial obligations and income. (ECF No. 2.) Based on this information, the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

At the same time, the Court is required to dismiss a complaint filed without prepayment of fees when it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal for this reason, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "[A] plaintiff's obligation to provide the grounds of his [entitlement] to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The Court is aware that a pro se litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, the plaintiff

must provide more than just "bare assertions of legal conclusions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In his Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. These claims are asserted against the State of Michigan, as well as the plaintiffs to an action in the 67th District Court of Genesee County that resulted in a March 2, 2018 Order of Eviction concerning real property located at 824 Vermilya Avenue in Flint, Michigan. (*See* Compl. at 3.) Plaintiff alleges that he has been in possession of this property for the past year after purchasing it from his son. (*Id.* at 2.) Plaintiff further alleges that he received an eviction notice on March 4, 2018, and that the eviction violates state and federal laws implemented to protect the civil rights of tenants. (*Id.*) Plaintiff requests that this Court stay the eviction for one week in order to allow him time to file "documented proof" of the violation of his civil rights. (*Id.*)

This Court does not have jurisdiction to grant Plaintiff's request for a stay of eviction, and for that reason the Court must dismiss Plaintiff's Complaint for failure to state a claim on which relief may be granted. Under the *Rooker-Feldman* doctrine, "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fid.*

*Trust Co.*, 263 U.S. 413, 416 (1923)). Explaining that the *Rooker-Feldman* doctrine applies "when the cause of the plaintiff's complaints is the state judgment itself," the Sixth Circuit held in *Givens* that the district court lacked jurisdiction to enter a "temporary injunction that would 'enjoin Defendants from physically entering onto plaintiff[']s property'" because it was "clear from [the plaintiff's] complaint that the source of [his] injuries is the state possession order." *Id.* at 609. *See also Johnson El v. JP Morgan Chase Bank Nat'l Ass'n*, No. 16-2465, 2017 WL 4863167, at *3 (6th Cir. June 1, 2017) (holding, where the plaintiffs had asserted various claims stemming from adverse judgments in state-court foreclosure and eviction proceedings, that "[t]he district court properly dismissed these claims as barred by the *Rooker–Feldman* doctrine"). The Sixth Circuit also held in *Givens* that the plaintiff's claims were independently barred under the doctrine of *res judicata*, since the issue of the defendant's right to possession of the property had already been litigated in the Michigan courts. *See Givens*, 278 F. App'x at 609 ("Under Michigan law, a party may not bring a second, subsequent action when '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'") (quoting *Adair v. State*, 470 Mich. 105, 121 (2004)).

For these reasons, courts in this District have consistently denied similar requests to set aside state-court eviction orders. *See, e.g., Floyd v. Exit Strategy LLC*,

4

No. 17-CV-10938, 2018 WL 850148, at *2 (E.D. Mich. Jan. 16, 2018) (determining that a request for a stay of eviction was barred by *res judicata*, and also by the *Rooker-Feldman* doctrine because the "[p]laintiff's prayer for relief makes clear that the . . . Possession Judgment is a source of his injury, and to grant the relief that he seeks in this instance would require the court to reverse a state-court decision"), *report and recommendation adopted*, No. 17-10938, 2018 WL 836394 (E.D. Mich. Feb. 13, 2018); *Folson-El Bey v. Wells Fargo Home Mortg.*, No. 11-CV-13534, 2012 WL 1441397, at *4 (E.D. Mich. Mar. 13, 2012) (finding that a plaintiff who had moved for an immediate stay of eviction was "effectively seeking to appeal, in federal district court, the judgment of the state court," and therefore that "[l]ike many other similar cases in this District, dismissal on the grounds of *Rooker–Feldman* is appropriate") (collecting cases), *report and recommendation adopted*, No. 11-CV-13534, 2012 WL 1453569 (E.D. Mich. Apr. 26, 2012); *Revere v. Bank of New York as Tr. for S Scwabs, Inc.*, No. 09-11851, 2009 WL 1440397, at *2 (E.D. Mich. May 18, 2009) ("Plaintiff seeks relief from the state court's eviction order in her pending motion. Pursuant to the *Rooker–Feldman* doctrine, this Court lacks subject matter to grant Plaintiff relief."); *Pelzer v. Chase Home Fin., LLC*, No. 08-11932, 2008 WL 2026152, at *1 (E.D. Mich. May 9, 2008) (concluding that "the relief requested in the motion to stay [eviction] appears to be precluded by the *Rooker–Feldman* doctrine as well as by principles of *res judicata*).

It is clear from Plaintiff's Complaint that the source of the injury from which he seeks relief is the March 2, 2018 Order of Eviction, which itself indicates that the plaintiff in that state-court proceeding was awarded possession of the property at issue pursuant to a judgment dated January 3, 2018. (*See* Compl. at 3.) Like the other federal courts in the cases cited above, this Court has no jurisdiction to stay the state-court eviction order, and Plaintiff's request for relief is additionally barred by *res judicata* principles. This Court therefore must dismiss this action for failure to state a claim on which relief may be granted.

Accordingly, the Court hereby GRANTS Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2), but DISMISSES Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: March 8, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2018.

s/D. Tofil
Deborah Tofil, Case Manager